***********
The Full Commission have received and reviewed Case No. COA08-1029 as certified by the N.C. Court of Appeals. Upon remand, the Court of Appeals has affirmed the decision of the Full Commission as to the compensatory damages related to the value of Plaintiff's broodmare, "Menetti," and instructed this Court to "make Findings of Fact and Conclusions of Law concerning the issue of Plaintiff's lost opportunity to breed Menetti."
 ***********
In accordance with the instructions of the N.C. Court of Appeals upon remand, the Full Commission makes these additional:
 FINDINGS OF FACT
1. Immediately after Menetti's death, a veterinarian harvested the animal's ovaries to determine if any impregnated embryo could be saved by fertilizing with another mare. The post mortem procedure revealed Menetti was not impregnated at the time of her death. *Page 2 
2. Rebecca Pennington's appraisal includes a substantial allowance for the fact that Menetti's genetic characteristics greatly increasing her value as a broodmare and that a comparable broodmare is marketed rarely. Pennington located only one comparable Knabstrupper for sale in the European market. No testimony establishes when this mare became available on the market. The record only discloses that Pennington, upon her engagement as an expert witness, was able to locate one comparable Knabstrupper for sale in the European market when preparing her appraisal in 2005.
3. No testimony at trial established whether Plaintiffs: 1) had replaced Menetti with a comparable broodmare, or b) were capable of replacing Menetti. Additionally, no testimony was proffered establishing a reasonable period of time in which to replace Menetti under the particular facts and circumstances of this civil action.
4. While Pennington's highly credible testimony establishes the value of Menetti's future foals at $9,000.00 each, the record is devoid of evidence as to the future costs associated with the pregnancy and delivery of foals from which profit can be determined over Menetti's expected brood life.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. The measure of damages for loss of livestock is the value of the animal alive just prior to its loss, minus the value, if any, of the animal's carcass when there is evidence of value of the carcass.Griner v. Smith, 43 N.C. App. 400, 259 S.E.2d 283 (1979). *Page 3 
2. Plaintiffs' contend their consequential damages include the present value of the loss of Menetti's future foals is not well taken. As Plaintiffs' contention appears to be an issue of first impression in North Carolina, persuasive authority for the proper determination of damages in a breeding animal is found inSnyder v. Bio-lab, Inc.,405 N.Y.S.2d 596, 597-98 (1978) (emphasis added) (considering the proper damages for cows). The Snyder Court held:
 a. As with personal property generally, the measure of damages for injury to, or destruction of, an animal is the amount which will compensate the owner for the loss and thus return [the owner], monetarily, to the status . . . before the loss. Where the animal has a market value, the market value at the time of the loss . . . will generally be the measure applied. Any special value, particular qualities, or capabilities are generally considered as factors making up market value. For example, when an owner has received the market value of an animal, he will have been compensated for any use he might have made of the animal for breeding purposes. The market value may be enhanced because the animal is carrying unborn young, but the young have no value apart from the mother. . . .
 i. . . .
 ii. In addition, plaintiffs are entitled to recover the loss of profit for the time period required to replace the slaughtered cows with cows of equal quality.
 iii. . . .
 iv. The fair market value of the slaughtered cows does not adequately compensate the plaintiffs for their loss. They are entitled to the profit that the 39 cows, the best milk, producers in the herd, would have generated until replacement cows of equal quality were available. Proof establishes that replacement cows of comparable quality were available in the market 3 months subsequent to the accident. . . .
3. The decision in Snyder is supported by other persuasive authority. In Missouri Farmers Ass'n v. Kempker,726 S.W.2d 723, 726 (1987) (emphasis added), the Supreme Court of *Page 4 
Missouri held that "there may be no recovery for future milk andcalf production of a cow which has been disposed of, after a replacement of comparable capacity has been or could have been acquired." The Supreme Court of Utah has also reached the same measure of damages in Park v. Moorman Mfg. Co.,121 Utah 339 (1952), stating that "damages include both the market value of the animals destroyed and lost profits for the period in which there was a loss of use before the replacements could prudently be obtained."
4. Given these persuasive authorities the applicable damages in the instant case as consequential damages are the loss of profits from Menetti's foal for the period from the date of loss until a comparable replacement has been or could have reasonably been acquired. The application of this measure of damages is entirely consistent with the long articulated principle of law in this State that the duty to mitigate damages requires that an injured plaintiff in a tort action must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. Applying the stated law, Plaintiffs have proven by the greater weight of the evidence the loss of profit for one breeding cycle. N.C. Gen. Stat. §§ 143-291 through 143-300.1A.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following additional:
 ORDER
1. Plaintiffs shall have and recover, in addition to the sums awarded for compensatory damages, the sum of $9,000.00 as consequential damages.
2. In all other respects, and except as specifically amended, the Decision and Order previously filed remains in full force and effect. *Page 5 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1